United States District Court
Northern District of California

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   **HYATT CHAGHOURI**, individually and as          Case No.  14-cv-01500-YGR
     Trustee for the Elias Gaby Chaghouri and
11   Hayat Kaitlyn Chaghouri Irrevocable Trust,       **ORDER DENYING MOTION TO DISMISS**

12                        Plaintiff,                  Re: Dkt. No. 21

13            v.

14   **WELLS FARGO BANK, N.A.**,

15                        Defendant.

16        The instant action was removed from the Superior Court of California, County of San

17   Mateo, by Notice of Removal filed April 1, 2014.  Defendant Wells Fargo Bank, N.A. ("Wells

18   Fargo") previously filed a motion to dismiss, to which Plaintiff Hyatt Chaghouri responded by

19   filing her First Amended Complaint ("FAC") on April 29, 2014.  (Dkt. No. 19.)  The FAC alleges

20   claims for: (1) violation of Cal. Civil Code § 2924.17; (2) breach of the implied covenant of good

21   faith and fair dealing; (3) fraud; and (4) negligent misrepresentation.  (Dkt. No. 19.)  Defendant

22   Wells Fargo now moves to dismiss the FAC on the grounds that: (1) Plaintiff lacks standing;  (2)

23   Plaintiff has not stated a claim upon which relief can be granted; and (3) Plaintiff's claims are time

24   barred.

25        Having carefully considered the papers submitted and the pleadings in this action, and for

26   the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.  The Court rejects

27   Wells Fargo's argument that the claim under California Civil Code section 2924.17 should be

28   dismissed because Plaintiffs are not "borrowers" covered by its protections.  Similarly, Plaintiff

has alleged her remaining claims sufficiently, and with the required particularity, and has alleged a basis for her standing as an individual as well as a trustee for the trust.

## I.    BACKGROUND

The following summary of facts is drawn from the allegations in the FAC, which the Court accepts as true for purposes of the motion to dismiss, and the matters properly subject to judicial notice.[1]

Plaintiff brings the instant action individually and as trustee for the Elias Gaby Chaghouri and Hayat Kaitlyn Chaghouri Irrevocable Trust.  On June 21, 2004, Plaintiff, acting individually, transferred title to Property located at 20 Atlantic Blvd., San Bruno, California to Fadi E. Chaghouri, Trustee and Gaby Chaghouri, Trustee of the Elias Gaby Chaghouri and Hayat Kaitlyn Chaghouri Irrevocable Trust of 2004 (the "Trust"). (Request for Judicial Notice ("RJN"), Exh. A.)

In August, 2006, the Trust took out a mortgage loan from World Savings Bank, FSB secured by a deed of trust recorded against the property.  (RJN, Exh. B; FAC ¶ 7.)  Plaintiff signed the Deed of Trust, as trustee for the Trust. (RJN, Exh. B, p. 15.)  World Savings later changed its name to Wachovia Mortgage, FSB.  (RJN, Exh. C.) Wachovia Mortgage then merged into Wells Fargo and it thereby became the beneficiary under the deed of trust. (RJN, Exh. D; FAC ¶ 7.)  The deed of trust secured a debt in the amount of $495,000.  (*Id.* at p. 2.)

In December 2012, Plaintiff was current on her mortgage payments but sought a better interest rate on her loan, so she contacted Wells Fargo about her options.  Plaintiff alleges that she was told her only option would be to apply for a loan modification.  (FAC ¶ 10.)  She submitted an application in December of 2012, but was notified on January 28, 2013, that her application had been denied because she was "not at risk of default."  (FAC ¶ 10.)  Plaintiff alleges that in January or February 2013, she spoke with a representative at Wells Fargo, Jeff Shomion, who advised her that the only way she could obtain a modification was to miss three months of mortgage payments

---

[1]  Wells Fargo requests judicial notice of several documents.  (Dkt. No. 22, "RJN.")  The Court finds that those exhibits are official records or documents reflecting official acts of governmental agencies, and are appropriate for judicial notice.  The request for judicial notice is **GRANTED**.

and then submit an application.  When Plaintiff expressed concern about missing payments, Shomion told Plaintiff that while she was applying for and being reviewed for a loan modification, Wells Fargo would not initiate foreclosure proceedings against the property.  In reliance on these statements, Plaintiff did not make her February 2013 payment despite being ready, willing, and able to make the payments.  (FAC ¶ 11.)

In April 2013, after Plaintiff was three months late on her payments as instructed by Shomion, she submitted a complete loan modification application.  When she called Wells Fargo a few days later to confirm receipt of the application, she was told that it was incomplete and she needed to submit additional documents.  (FAC ¶ 12.)  In May 2013, Plaintiff called Wells Fargo again and was told that her application was complete and was under review.  (FAC ¶ 13.)  A few weeks after that, Plaintiff again called Wells Fargo and spoke to a different representative who told her that there was no loan modification file for her at all, prompting her to submit a new application.  (FAC ¶ 14.)  In June 2013, Wells Fargo rejected her application based on Plaintiff's rental income being too low, prompting Plaintiff to call and correct the rental income and resulting in an assurance that she should qualify for a modification and should apply again.  (FAC ¶ 15.) Between July 2013 and November 2013, Plaintiff re-submitted and updated applications, and was again told by various Wells Fargo agents that her applications were missing documents or were rejected based upon information that was incorrect.  (FAC ¶ 16.)  Plaintiff submitted another loan modification application in November 2013.  (FAC ¶ 17.)  Despite Wells Fargo's receipt of the application, on December 16, 2013, Wells Fargo recorded a Notice of Default ("NOD") to initiate foreclosure proceedings against Plaintiff.  (*Id.*)  The NOD stated that the Trust failed to pay installments of principal, interest, impounds and late charges which became due on December 15, 2012.  (FAC ¶ 17.)  Plaintiff alleges that the NOD is inaccurate because it lists the date of default as December 15, 2012, even though she made a payment in January 2013.  (FAC ¶ 17.)  The NOD attaches a declaration signed by Christopher Smith, VP of Loan Documentation for Wells Fargo, indicating that Wells Fargo had exercised due diligence in contacting the "borrowers," listed as both Hyatt Chaghouri and The Elias Gaby Chaghouri and Hayat Kaitlyn Chaghouri Irrevocable Trust, pursuant to California Civil Code 2923.55(f) to assess their financial situation

3

1   and explore options for the borrower to avoid foreclosure.  (RJN, Exh. F, at 32-33.)

2   **II.    ANALYSIS**

3       **A.    California Civil Code Section 2924.17**

4       Wells Fargo argues that Plaintiff has failed to allege a plausible claim for violation of

5   California Civil Code section 2924.17.  Section 2924.17 requires that any documents filed in

6   connection with a foreclosure such as a notice of default "shall be accurate and complete and

7   supported by competent and reliable evidence."  Cal. Civ. C. § 2924.17(a).  It further requires that,

8   "[b]efore recording or filing any documents described in subdivision (a), a mortgage servicer shall

9   ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default

10  and the right to foreclose, including the borrower's loan status and loan information."  Cal. Civ. C.

11  § 2924.17(b).  Wells Fargo contends that section 2924.17, which specifically incorporates the term

12  "borrower" and references the requirements of Section 2923.55, does not apply here because a

13  "borrower" under the statute is limited to natural persons, and therefore excludes trusts.  *See* Cal.

14  Civ. C. §§ 2924.17(b), 2920.5.

15      The Court has, at Wells Fargo's request, taken judicial notice of the Notice of Default

16  Wells Fargo filed to initiate foreclosure on the subject property.  As previously indicated, that

17  Notice of Default includes a Declaration of Compliance, as required by California Civil Code

18  section 2923.55(c), signed by a Wells Fargo agent.  The contact requirements in section

19  2923.55(c) were part of the same legislation that added the accuracy requirements in section

20  2924.17 that Plaintiff invokes here.  The Declaration of Compliance indicates that both Hyatt

21  Chaghouri and The Elias Gaby Chaghouri and Hayat Kaitlyn Chaghouri Irrevocable Trust were

22  "borrowers" for the subject property.  (RJN, Exh. F, at 32.)  The form declaration includes an

23  option that "No contact was required by the mortgage servicers because the individual(s)

24  identified above did not meet the definition of "borrower" pursuant to subdivision (e) [now

25  subdivision (c)] of California Civil Code § 2920.5."  (*Id.*)  That option was not selected.  Instead,

26  Wells Fargo, in this declaration of compliance with the statutory requirements, treated both the

27  Trust and Hyatt Chaghouri individually as "borrowers" for purposes of compliance with the

28  statutory requirements.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Whatever general argument Wells Fargo may have about the applicability of the

2  Homeowners' Bill of Rights to deeds of trust where a family trust is the "borrower,"[2] the fact that

3  Wells Fargo treated Hyatt Chaghouri and the Trust as "borrowers" for purposes of the Notice of

4  Default precludes Wells Fargo's argument against their borrower status in this case and

5  particularly in a claim that Wells Fargo violated section 2924.17(a) in that same document.

6  Therefore, dismissal on these grounds is denied.

7    Wells Fargo raises three additional arguments for dismissal of the claim under section

8  2924.17, none of which fare any better than the first.  Wells Fargo argues that, in the absence of an

9  allegation of malice, California Civil Code section 47's common interest privilege precludes a

10  claim based upon the preparation and recording of a notice of default.  This argument relies on

11  authority predating the 2012 enactment of the California Homeowners' Bill of Rights which

12  clearly permits borrowers to seek relief for a mortgage servicer's failure to review competent and

13  reliable evidence before recording any foreclosure-related documents, without any showing of

---

15    [2] Section 2920.5 provides definitions for a number terms in the Civil Code provisions

16  concerning mortgages, *i.e.*, California Civil Code, Division 3, Part 4, Title 14, Chapter 2, Article 1
   Mortgages in General.  Section 2920.5 limits the definition of "borrower" to "any natural person,"

17  for purposes of Article 1, and calls out certain code sections.  *See* Cal. Civ. C. §2920.5(c)(1)
   ("[u]nless otherwise provided and for purposes of Sections 2923.4, 2923.5, 2923.55, 2923.6,

18  2923.7, 2924.9, 2924.10, 2924.11, 2924.18, and 2924.19, 'borrower' means any natural person
   who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary

19  foreclosure prevention alternative program offered by, or through, his or her mortgage servicer.")
   Section 2920.5(c)(2) goes on to specifically exclude from the definition of "borrower" the

20  following:
       (A) An individual who has surrendered the secured property as evidenced by

21      either a letter confirming the surrender or delivery of the keys to the property

22      to the mortgagee, trustee, beneficiary, or authorized agent.
       (B) An individual who has contracted with an organization, person, or entity

23      whose primary business is advising people who have decided to leave their
       homes on how to extend the foreclosure process and avoid their contractual

24      obligations to mortgagees or beneficiaries.
       (C) An individual who has filed a case under Chapter 7, 11, 12, or 13 of Title

25      11 of the United States Code and the bankruptcy court has not entered an
       order closing or dismissing the bankruptcy case, or granting relief from a stay

26      of foreclosure.

27  Cal. Civ. Code § 2920.5.  There is no specific mention of irrevocable trusts as either included or
   excluded from the definition of "borrower."

28

5

malice.  *See* Cal. Civ. Code §§ 2924.12, 2924.19 (borrower may bring an action for injunctive relief to enjoin violation of 2924.17); *see also Rahbarian v. JP Morgan Chase*, No. 2:14-CV-01488 JAM, 2014 WL 5823103, at *7 (E.D. Cal. Nov. 10, 2014) (citing cases) (Section 2924.12(a) gives borrowers a right to obtain injunctive relief based upon violation of section 2924.17 regardless of any showing of harm).  Second, the argument that Wells Fargo is exempt from suit under section 2924.12(g)'s safe harbor provision is one that requires a factual showing beyond the face of the pleadings and not disclosed in the request for judicial notice.  Finally, Wells Fargo's argument that Plaintiff's alleged violation would not result in any monetary damage is of no consequence, since section 2924.12(a)'s enactment gives borrowers a right to obtain injunctive relief based upon violation of section 2924.17 regardless of any showing of pecuniary harm.

Based on the foregoing, the motion to dismiss the claim under section 2924.17 is **DENIED**.

### B.      Implied Covenant of Good Faith and Fair Dealing

Wells Fargo argues that Plaintiff cannot maintain a claim for breach of the implied covenant of good faith and fair dealing because she has alleged that she breached the agreement by defaulting on her payments, and because she cannot assert an implied covenant claim that is contrary to the express terms of the Deed of Trust.  Wells Fargo further argues the allegations a Wells Fargo representative advised Plaintiff that she would have to fall behind on her payments in order to be considered for a loan modification are "implausible on their face."

Taking the last argument first, this Court has seen too many foreclosure cases alleging precisely the same allegations—that lenders, including Wells Fargo, required borrowers to go into default before considering a loan modification—to consider such allegations "implausible on their face."  *See Izsak v. Wells Fargo Bank, N.A.*, No. C 13-05362 SI, 2014 WL 1478711, at *1 (N.D. Cal. Apr. 14, 2014) (Wells Fargo representative told plaintiff he "would need to be delinquent in his mortgage payments in order to pursue and be considered for a loan modification."); *Roussel v. Wells Fargo Bank*, No. C 12-04057 CRB, 2012 WL 5301909, at *1 (N.D. Cal. Oct. 25, 2012) (complaint alleging that Wells Fargo representative told plaintiff he would be considered for a loan modification once he became delinquent in his payments); *Harvey v. Bank of Am., N.A.*, No. 12-3238 SC, 2013 WL 632088, at *3 (N.D. Cal. Feb. 20, 2013) (bank advised borrower not be

1  make payments in order to apply for loan modification and promised that no foreclosure would

2  occur while loan modification was under review); *Omega v. Wells Fargo & Co.*, No. C 11-02621

3  JSW, 2012 WL 685440, at *3 (N.D. Cal. Mar. 2, 2012) (agent of bank told plaintiffs that no loan

4  modification could be negotiated unless they were 90 days late on their payments).

5       As to the sufficiency of the pleading, the Court finds that Plaintiff's allegations are

6  sufficient to state a claim that Wells Fargo's conduct induced her to stop making payments on the

7  loan in order to be considered for a loan modification.  The covenant of good faith and fair

8  dealing, implied by California law in every contract, exists to prevent one contracting party from

9  unfairly frustrating the other party's right to receive the benefits of the agreement or hindering the

10  other party's performance.  *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 349 (2000); *Tanner v.*

11  *Title Ins. & Trust Co.,* 20 Cal.2d 814, 825 (1942).  "The covenant is implied as a supplement to

12  the express contractual covenants, to prevent a contracting party from engaging in conduct that

13  frustrates the other party's rights to the benefits of the agreement" even if it does not technically

14  violate the express terms of the agreement.  *Waller v. Truck Ins. Exch.,* 11 Cal.4th 1, 36 (1995).

15  Here, Plaintiff alleges that Wells Fargo interfered with her regular payment under the terms of the

16  Deed of Trust by inducing her to stop payments so that she could be considered for a loan

17  modification.  The allegations are sufficient to state a claim based on Wells Fargo's unfairly

18  interfering with Plaintiff's performance under, and her enjoyment of the benefits of, the deed of

19  trust.  *See Harvey v. Bank of Am., N.A.*, No. 12-3238 SC, 2013 WL 632088, at *3 (N.D. Cal. Feb.

20  20, 2013) (bank's conduct in inducing defendant to stop payments under a deed of trust in order to

21  be considered for a loan modification "hindered his ability to make payments under the portion of

22  the DOT that required him to do so" and stated claim for breach of an implied covenant); *see also*

23  Cal. Civ. C. § 1511 ("want of performance of an obligation, or of an offer of performance, in

24  whole or in part, or any delay therein, is excused by the following causes…[w]hen the debtor is

25  induced not to make it, by any act of the creditor intended or naturally tending to have that

26  effect.")

27       Wells Fargo's citation to *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179 (N.D. Cal.

28  2012) is unavailing.  In *Plastino*, the plaintiff alleged that the bank made a promise to postpone

foreclosure during the pendency of her loan modification request, but the promise and request came only *after* she was already behind in her mortgage payments for over ten months. *Id.* at 1191. Thus, Plastino had stopped making payments and was in breach of the terms of the deed of trust long before any alleged conduct by the bank that might have interfered with or frustrated her performance. Based on those facts, the district court found that Plastino's allegations "might form the basis for some cause of action," but did not state a claim for "breach of the implied covenant in the deed of trust and mortgage." *Id.* at 1192. Here, Plaintiff alleges that she performed on her obligations until such time as Wells Fargo's statements induced her to stop performing. These allegations sufficiently state a basis for a breach of implied covenant claim. The motion to dismiss the implied covenant claim is **DENIED**.[3]

### C.    Misrepresentation Claims

Plaintiff brings claims for fraud and for negligent misrepresentation. Wells Fargo argues that these claims do not satisfy the pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure because Plaintiff has not alleged falsity and damages with sufficient specificity.

Rule 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9. Thus, the Ninth Circuit has held that, "while a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (citing *Hayduk v. Lanna,* 775 F.2d 441, 443 (1st Cir.1985) (emphasis in original)). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess,* 317 F.3d at 1106). Contrary to Wells Fargo's argument, none of these formulations require knowledge of falsity or damages to be pleaded with

---

[3] In her opposition, Plaintiff sought leave to fix typographical errors in portions of the FAC which stated the relevant dates as January and February 20*08*, rather than 20*13*. This request to amend is **GRANTED**.

United States District Court
Northern District of California

1   particularity.

2       The circumstances of the fraud here are pleaded sufficiently for purposes of Rule 9(b).

3   Plaintiff alleges that in late January 2013 and early February 2013, a Wells Fargo agent told her

4   that if she stopped making payments, Wells Fargo would not initiate foreclosure proceedings "as

5   long as Plaintiff was being reviewed for, or applying for, a loan modification."  (FAC ¶ 36.)  She

6   identifies the name of the person who made the misrepresentation, his authority to speak, the

7   person to whom he spoke, what he said, and when he said it.  Plaintiff further alleges that she

8   relied on this statement when she stopped making payments.  (FAC ¶ 37.)  Plaintiff alleges that

9   Wells Fargo lured her into waiting and re-submitting modification applications by continually

10   handing her off from agent to agent, requesting that she send in missing documents, and rejecting

11   applications based on incorrect information and then allowing her to submit corrected information.

12   (FAC ¶¶ 12-16.)  When she submitted her last loan modification application in November 2013,

13   Defendant acknowledged receipt.  (FAC ¶ 17.)  Then, to Plaintiff's surprise, Wells Fargo initiated

14   foreclosure proceedings.  (*Id.*)  Thus, the circumstances of the fraud are alleged with sufficient

15   particularity.  While Wells Fargo may disagree with the meaning of the statement Plaintiff alleges

16   was made to her, the claim sufficiently alleges a false statement.

17       Wells Fargo further argues, with respect to the negligent misrepresentation cause of action,

18   that Plaintiff cannot base her claim on an alleged false promise, and that an allegation of

19   "malicious and willful" conduct takes the matter out of the realm of mere negligence.  Neither

20   argument supports dismissal of the negligent misrepresentation claim.  California Civil Code

21   section 1710, subdivision 2, makes actionable an assertion, as a fact, of that which is not true, by

22   one who has no reasonable ground for believing it to be true.  Cal. Civ. C. § 1710(2); *see also*

23   *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 892 (2013), *as modified on denial of*

24   *reh'g (Mar. 7, 2013), review denied (May 22, 2013)* (citing *Conroy v. Regents of University of*

25   *California,* 45 Cal.4th 1244, 1255 (2009)) ("The tort of negligent misrepresentation, a species of

26   the tort of deceit… does not require intent to defraud but only the assertion, as a fact, of that which

27   is not true, by one who has no reasonable ground for believing it to be true.").  Under California

28   law, "a lender does owe a duty to a borrower to not make material misrepresentations about the

United States District Court
Northern District of California

9

status of an application for a loan modification or …a foreclosure sale" or other representations of fact. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013).  Here, Plaintiff alleges that Wells Fargo, through Shomion, stated: (1) it was Wells Fargo's policy not to initiate foreclosure proceedings against any borrowers as long as they were in the process of applying for a loan modification or were being reviewed for a loan modification; and (2) Shomion made these misrepresentations negligently or recklessly, with no reasonable grounds for believing the statements to be true because he knew that Wells Fargo would initiate foreclosure proceedings despite a pending loan modification application.  (FAC ¶¶ 46, 47.)  These allegations are sufficient to state the claim for negligent misrepresentation.  Moreover, Plaintiff's pleading of malice and willfulness for purposes of seeking punitive damages, or for pleading in the alternative in support of her intentional misrepresentation claim, is not inconsistent with a claim sounding in negligence, and not a reason to dismiss the claim.

Based on the foregoing, the motion to dismiss the misrepresentation claims is **DENIED**.

**D.      Standing**

Finally, Wells Fargo argues that FAC suffers from the defect that Plaintiff, in her individual capacity, is not the borrower under the loan and has no standing to allege any claim herein.  Wells Fargo contends that the Trust, not Plaintiff individually, is the owner of the Property.  Wells Fargo concedes that Plaintiff signed the Deed of Trust as its trustee, but disputes her right to bring suit individually in the absence of any allegation that the Trust's interests were somehow transferred to her individually.

In opposition, and as pleaded in the FAC, Plaintiff alleges the Trust is named as the borrower on the Deed of Trust, but she is named both individually and as trustee of the Trust as a borrower on the promissory note.  (FAC ¶ 3.)  She is also identified, in addition to the Trust, as the "borrower" in the Notice of Default Declaration of Compliance.  (RJN, Exh. F, at 32.)  Thus, Plaintiff contends, her personal liability for payments under the promissory note, as well as the damage to her individual credit on account of Wells Fargo's actions, gives her standing to state a claim here.

"To have constitutional standing under Article III, the party seeking standing must

United States District Court
Northern District of California

1    demonstrate an injury in fact that is traceable to the challenged action and that is likely to be

2    redressed by a favorable decision." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re*

3    *Thorpe Insulation Co.)*, 677 F.3d 869, 887 (9th Cir. 2012), citing *Lujan v. Defenders of Wildlife*,

4    504 U.S. 555, 560 (1992).  The Court finds that the allegations here are sufficient to allege injury

5    to Plaintiff personally, and therefore a basis for bringing the above claims in her individual

6    capacity.  The motion to dismiss on grounds of standing is, therefore, **DENIED**.

7    **III.    CONCLUSION**

8            Accordingly, the Motion to Dismiss is **DENIED** in its entirety.  Plaintiff sought leave to fix

9    typographical errors in portions of the FAC which stated the relevant dates as January and

10   February 20*08*, rather than 20*13*.  This request to amend is **GRANTED**.  Plaintiff is granted leave to

11   file an amendment correcting the typographical errors in portions of the FAC which stated the

12   relevant dates as January and February 20*08*, rather than 20*13*.  Plaintiff shall file that amendment

13   no later than January 9, 2015.  Wells Fargo is directed to file its answer to the FAC and

14   amendment correcting dates no later than January 22, 2015.

15           A case management conference is scheduled for 2:00 p.m. on February 2, 2015 in the

16   United States District Courthouse in Oakland, California, Courtroom 1.

17           This terminates Docket No. 21.

18           **IT IS SO ORDERED.**

19   Dated: January 5, 2015

20
                                                    _____
21                                                  **YVONNE GONZALEZ ROGERS**
                                                    **UNITED STATES DISTRICT COURT**
22

23

24

25

26

27

28

United States District Court
Northern District of California